UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROUXDEEP SINGH,

                Petitioner,

    v.

KRISTI NOEM, *et al.*,

                Respondents.

CASE NO. 2:26-cv-00304-GJL

ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Petitioner Rouxdeep Singh has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as amended on January 29, 2025, in which he seeks release from confinement.[1] Dkt. 4. Today, February 9, 2026, Petitioner moves for temporary restraining order ("TRO"), preventing Respondents from: (1) continuing to detain him; (2) transferring him from this judicial district; or (3) otherwise restraining his liberty while this Court considers his habeas Petition. Dkt. 6.

Petitioner's Motion for a TRO asserts that Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, since November 6, 2025. Dkt. 6 at

---

[1] The parties have consented to proceed before a Magistrate Judge. *See* Dkt. 3.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

3. Petitioner, a citizen of India, first entered the United States on or about March 2, 2023. *Id*. at 2. Upon entering the United States, Petitioner was apprehended by the Department of Homeland Security ("DHS"), but was ordered released from custody on his own recognizance on March 4, 2023, after expressing a fear of returning to India. *Id*. After his release, Petitioner applied for asylum, and has been complying with all conditions imposed by U.S. Immigration and Customs Enforcement ("ICE"), including appearing for all required hearings, appointments, and other reporting obligations. *Id*. at 3.

On November 6, 2025, ICE apprehended Petitioner in Washougal, Washington, and transported him to NWIPC, where he has been detained for nearly three months. *Id*. Petitioner filed a habeas Petition on January 27, 2026, as amended on January 29, 2026, alleging that Respondents violated his right to due process under the Fifth Amendment to the U.S. Constitution when they revoked his release and deprived him of his liberty without affording him any written notice or meaningful opportunity to be heard by a neutral decisionmaker prior to re-detention. Dkt. 4 at 9–10. As relief, Petitioner seeks immediate release from custody and other related relief. *Id*. at 10–11.

On January 28, 2026, the Court entered a Scheduling Order directing Respondents to file a return to the Petition by February 11, 2026. Dkt. 3. Petitioner was directed to file any traverse by February 17, 2026. *Id*. The Scheduling Order also directed the following:

> 3. Respondents shall provide the Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States.

*Id*. at 2.

//

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [ ] jurisdiction over the matter.").

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's Motion for a Temporary Restraining Order (Dkt. 6) is **PROVISIONALLY GRANTED** pending Respondents' response to the Motion (Dkt. 6). This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the Motion after full briefing.

2. Respondents **ARE PROHIBITED** from removing Petitioner from the United States or transferring him from NWIPC to any other detention facility during the pendency of these proceedings, without further order from this Court, unless such transfer is necessary for medical evaluation, medical treatment, or release.

3. Petitioner's counsel **SHALL** immediately contact Respondents' counsel to provide a copy of this Order, if not already provided, and meet and confer on: (1) a briefing schedule for the motion for TRO, and (2) whether Respondents will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents **SHALL** respond to the

Motion for a TRO (Dkt. 6) on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the Motion for a TRO (Dkt. 6). The Court reserves its discretion to deny oral argument pursuant to Local Civil Rule 7(b)(4).

Dated this 9th day of February, 2026.

Grady J. Leupold
United States Magistrate Judge