UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROUXDEEP SINGH,<br><br>                    Petitioner,<br>      v.<br><br>KRISTI NOEM, *et al.*,<br><br>                    Respondents. | CASE NO. 2:26-cv-00304-GJL<br><br>ORDER DENYING WRIT OF HABEAS CORPUS |

       This matter was filed pursuant to 28 U.S.C. § 2241. *See* Dkt. 1. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

       Petitioner Rouxdeep Singh ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkts. 1, 4. Before the Court for consideration is Petitioner's Amended Petition seeking immediate release from detention at NWIPC. Dkt. 4. Also pending before the Court is Petitioner's Motion for Temporary Restraining Order ("TRO"), which seeks the same relief. Dkt. 6. The Amended Petition and TRO Motion have been fully briefed and are ripe for consideration by the Court. Dkts. 4, 6, 8, 9, 12.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court concludes that Petitioner has not demonstrated by a preponderance of the evidence that his detention is unlawful and is not entitled to federal habeas relief. Petitioner's Amended Petition (Dkt. 4) and TRO Motion (Dkt. 6) are therefore **DENIED**.

## I. BACKGROUND

Petitioner, a native and citizen of India, entered the United States without legal status on or about March 2, 2023. Dkt. 4 at ¶¶ 1, 20; Dkt. 10 at ¶ 3; Dkt. 11-1. Petitioner encountered United States Border Patrol that same day and, within 24 hours, was charged as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act and scheduled to begin immigration removal proceedings. Dkt. 10 at ¶¶ 3–4; Dkt. 11-2.

On March 4, 2023, Petitioner was released on an Order of Recognizance ("OREC"), which imposed various conditions and reporting requirements for his release. Dkt. 4 at ¶¶ 1, 21; Dkt. 10 at ¶ 5; Dkt. 11-3. During his release, Petitioner filed a timely application for asylum. Dkt. 4 at ¶ 2.

On November 6, 2025, Petitioner was arrested pursuant to an administrative warrant issued five days prior. Dkt. 10 at ¶¶ 9–10. Petitioner alleges he did not receive prior notice of his arrest or of the reasons justifying the cancellation of his OREC. Dkt. 4 at ¶¶ 4, 24. Petitioner was then transferred to NWIPC, and his immigration proceedings remain pending at the Tacoma Immigration Court. Dkt. 10 at ¶ 11.

Two months after his re-detention, Petitioner received a bond hearing before an IJ. *See* Dkt. 11-3; Dkt. 10 at ¶ 12. The IJ denied bond for two reasons. Dkt. 11-3. First, the IJ found Petitioner was subject to mandatory detention and, as a result, the IJ was without jurisdiction to consider bond. *Id.* Second, the IJ found that, in the event jurisdiction was proper, Petitioner was

1  not eligible for bond because he posed a risk of flight. *Id.* Petitioner remains detained at NWIPC.
2  Dkt. 4 at ¶ 27; Dkt. 10 at ¶ 13.

## II. PROCEDURAL BACKGROND

Petitioner initiated this action on January 27, 2026, by filing a federal habeas Petition. Dkt. 1. He then filed an Amended Petition two days later. Dkt. 4. As relief, Petitioner seeks immediate release from NWIPC and an injunction prohibiting, among other things, his re-detention without prior notice or a hearing before a neutral decisionmaker. *Id.*

On February 9, 2026, Petitioner filed a Motion for Temporary Restraining Order seeking immediate release and injunctive relief. Dkt. 6. The Court provisionally granted the TRO Motion the same day to preserve the *status quo* as it reviewed the merits of the case. Dkt. 7. The Court's grant of provisional relief included prohibiting Petitioner's transfer from NWIPC unless certain conditions were met and requiring that the parties meet and confer regarding a briefing schedule for the TRO Motion. *Id.*

On February 11, 2026, Respondents filed a Response opposing the TRO Motion and a Return arguing that the Amended Petition should be denied. Dkt. 8; Dkt. 9. Respondents also filed evidence in support of their position. Dkt. 10; Dkts. 11, 11-1–11-4. On February 13, 2026, Petitioner filed a Traverse in support of the Amended Petition and did not separately reply in support of the TRO Motion. Dkt. 12.

In his sole ground for federal habeas relief, Petitioner challenges his re-detention following cancellation of his OREC. Dkt. 4; *see also* Dkt. 12. He argues that Respondents improperly subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2) as an applicant for admission and violated due process by re-detaining him without prior notice and an opportunity

ORDER DENYING WRIT OF HABEAS CORPUS - 3

to be heard. Dkt. 12 at 2–6; Dkt. 4. He contends that the subsequent bond hearing does not cure that violation and that his continued detention is therefore unlawful. Dkt. 4; Dkt. 12 at 6.

Respondents maintain that Petitioner is properly detained under § 1225(b)(2) and that his re-detention without prior notice or a hearing complied with due process. Dkt. 9 at 6–10. They further contend that Petitioner received a post-arrest bond hearing before an IJ, who determined that mandatory detention applied and, in the alternative, that Petitioner is subject to discretionary detention because he presents a flight risk. *Id.*; Dkt. 11-3.

As discussed below, even assuming Petitioner suffered a due process injury when Respondents placed him in mandatory detention, the IJ's subsequent discretionary detention decision provides an alternative legal basis for his detention. Petitioner does not separately challenge the lawfulness of that decision. As such, he has not carried his burden of demonstrating that his detention is unlawful by a preponderance of the evidence and is thus not entitled to federal habeas relief. Furthermore, because the alleged due process violation has no effect on the availability of habeas corpus relief in this case, the Court declines to reach it.

Accordingly, Petitioner's Amended Petition (Dkt. 4) and TRO Motion (Dkt. 6) are **DENIED**.

### III.   LEGAL STANDARDS

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain such relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a

preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In federal habeas proceedings, as in all federal court proceedings, courts must avoid reaching constitutional questions when a case can be resolved on nonconstitutional grounds. *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347, 56 S. Ct. 466, 483, 80 L. Ed. 688 (1936) (explaining that courts should avoid resolving a constitutional question "unless absolutely necessary to a decision of the case.") (internal citations and quotations omitted). Indeed, given Article III's prohibition on advisory opinions, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Thus, where a separate lawful basis for detention exists and is unchallenged by a petitioner, federal habeas relief must be denied and, in denying relief, courts must avoid resolving unnecessary issues of constitutional dimension.

**IV.   DISCUSSION**

To obtain habeas relief, Petitioner must demonstrate by a preponderance of the evidence that his detention is unlawful. *Davis*, 384 F.3d at 638. It is not enough to demonstrate that a legal violation occurred during the course of his detention. Instead, Petitioner must show that, given the alleged violations of law, the very fact or duration of his custody "is in violation of the Constitution or laws or treaties of the United States." *See Preiser*, 411 U.S. at 484. Petitioner has failed to meet this burden.

The record reflects two alternative bases for Petitioner's detention: (1) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and (2) Petitioner is subject to discretionary detention without bond as he poses a risk of flight. Dkt. 11-3. Respondents maintain that Petitioner is not entitled to notice or an opportunity to be heard in connection with

their mandatory detention theory. *See* Dkt. 9. In the event that Petitioner is not subject to mandatory detention, however, he was provided with a post-arrest hearing on bond eligibility. *See* Dkt. 11-3; Dkt. 10 at ¶ 12.

At that hearing, the IJ made an alternative finding that Petitioner is subject to discretionary detention without bond because he poses a risk of flight. *See* Dkt. 11-3; Dkt. 10 at ¶ 12. The only legal error Petitioner assigns to his continued detention is the denial of pre-deprivation notice and hearing resulting from the mandatory detention decision. *See* Dkt. 4; Dkt. 12. Petitioner assigns no separate legal error to the IJ's alternative discretionary detention decision. *See* Dkt. 4; Dkt. 12.

Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention and that basis is unchallenged. *See, e.g.*, *Corrales Castillo v. Wamsley*, 2025 WL 3204370, at *2 (W.D. Wash. Nov. 17, 2025) (concluding that IJ's alternative determination that a petitioner "presents a flight risk" was an unchallenged legal basis for detention and denying habeas petition), *appeal filed*, No. 26-408 (9th Cir. Jan. 20, 2026); *Vasquez Garcia v. Hermosillo*, 2026 WL 81783, at *2 (W.D. Wash. Jan. 12, 2026) (same); *Aburto Lopez v. Scott*, 2026 WL 194234, at *2 (W.D. Wash. Jan. 26, 2026) (same); *Guerrero Espinosa v. ICE Field Off. Dir.*, No. 2:26-CV-00034-JHC, 2026 WL 295191, at *2 (W.D. Wash. Feb. 4, 2026) (same).

Petitioner argues his continued detention is unlawful, despite the alternative discretionary detention decision by the IJ, because the IJ's decision was made *after* he was re-detained without prior notice or hearing in alleged violation of due process. Dkt. 12 at 6; *see also* Dkt. 4. To support this argument, Petitioner points to recent decisions from this District finding that, when the government revokes a noncitizen's release, post-arrest hearings are an insufficient safeguard

against erroneous deprivations of liberty. Dkt. 4 at 3 (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (concluding a post-deprivation bond hearing cannot serve as an adequate safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty), *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1138 (W.D. Wash. 2025) (similar), and *Kumar v. Wamsley*, No. 2:25-CV-01772-JHC-BAT, 2025 WL 2677089, at *3 (W.D. Wash. Sept. 17, 2025) (similar)). Petitioner's argument overstates the breadth of this authority.

The fact that a post-deprivation bond hearing may be insufficient to cure a procedural due process violation at the moment of re-detention does not render the resulting bond decision legally irrelevant. When confronting similar circumstances—where a noncitizen was initially re-detained and subject to mandatory detention without advance notice, but later received a bond hearing with an alternative discretionary finding—courts in this District have not ordered unconditional release. *See, e.g., Corrales Castillo*, 2025 WL 3204370, at *2; *Valadez Hernandez v. Hermosillo*, No. 2:26-CV-00165-TMC, 2026 WL 174198, at *2 (W.D. Wash. Jan. 22, 2026). Instead, courts require that the petitioner receive the benefit of the subsequent alternative bond determination, including release upon satisfaction of any bond set by the IJ. *See, e.g., Corrales Castillo*, 2025 WL 3204370, at *2; *Valadez Hernandez*, 2026 WL 174198, at *2. Accordingly, even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision.

Because Petitioner has not raised a separate legal challenge invalidating the IJ's decision to deny discretionary bond, that decision supplies an alternative lawful basis for his detention. Therefore, Petitioner has failed to demonstrate that his detention is unlawful by a preponderance of the evidence. As a result, the Court concludes that he is not entitled to federal habeas relief.

## V. CONCLUSION

For the forgoing reasons, Petitioner's Amended Petition (Dkt. 4) and his TRO Motion seeking parallel relief (Dkt. 6) are **DENIED**.

Dated this 20th day of February, 2026.

Grady J. Leupold
United States Magistrate Judge